UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HERMAN CARLEE MCMILLIAN,

                                        Plaintiff,

            v.                                          9:15-CV-0241
                                                        (GTS/DJS)

OFFICER VINCE KONECNY, et al.,

                                        Defendants.
_____

APPEARANCES:                            OF COUNSEL:

HERMAN CARLEE MCMILLIAN
90-T-5238
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ERIC T. SCHNEIDERMAN              RYAN W. HICKEY, ESQ.
New York State Attorney General        Ass't Attorney General
Attorney for Defendant Konecny
The Capitol
Albany, New York 12224

GLENN T. SUDDABY
Chief United States District Judge

## DECISION AND ORDER

        Plaintiff Herman Carlee McMillian commenced this action in the Eastern District of

New York ("Eastern District") by filing a pro se civil rights complaint pursuant to 42 U.S.C. §

1983 asserting allegations of wrongdoing that occurred, if at all, while plaintiff was

incarcerated at Auburn Correctional Facility.  Dkt. No. 2 ("Compl.").  Plaintiff also requested

leave to proceed in forma pauperis.  Dkt. No. 1 ("IFP Application").  Although plaintiff is a

three-strike litigant under 28 U.S.C. § 1915(g), United States District Judge John Gleeson of

the Eastern District granted plaintiff's IFP Application based upon the imminent danger exception set forth in Section 1915(g) and then transferred this action to this District.  *See* February 27, 2015 Text Order and Dkt. No. 6.  After screening the complaint in accordance with 28 U.S.C. §§ 1915(e)(2)(B) and 1915A, by Decision and Order filed on June 24, 2015, this Court dismissed several claims and defendants from this action, and found that the following claims survived sua sponte review and required a response: (1) Eighth Amendment claims that defendant correctional officer Vince Konecny and John Doe Correctional Officers 1-10 incited other inmates to attack plaintiff and (2) First Amendment retaliation claims against defendant Vince Konecny and John Doe Correctional Officers 1-10.  Dkt. No. 15 (the "June 2015 Order").  To date, none of the John Doe defendants have been identified.  Presently before the Court is plaintiff's motion which the Court has liberally construed as requesting preliminary injunctive relief.  Dkt. No. 53; *see also* Dkt. Nos. 54, 56, 57, 58 (submissions in support of plaintiff's motion).[1]  Defendants oppose the motion.  Dkt. No. 65.

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood  of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'"  *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d  Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act,"

---

[1] Plaintiff has a second motion requesting preliminary injunctive relief pending.  Dkt. No. 66.  That motion will be addressed by separate order.

2

the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing

*Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35

n.4 (2d Cir. 2010) (internal quotation marks omitted)).  A mandatory preliminary injunction

"should issue only upon a clear showing that the moving party is entitled to the relief

requested, or where extreme or very serious damage will result from a denial of preliminary

relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal

quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*,

60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a

"clear" or "substantial" showing of a likelihood of success on the merits of his claim).  The

same standards used to review a request for a preliminary injunction govern consideration of

an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n,*

*AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v.*

*Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008).  The district

court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore*

*v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005).  "In the prison

context, a request for injunctive relief must always be viewed with great caution so as not to

immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F.

Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994))

(other citations omitted).

Plaintiff alleges that a correctional officer Walters, also known as D. Walters,[2] and

another unidentified correctional officer, neither of whom are parties to this action, have

---

[2] D. Walters, also known as Correctional Officer Walter, is named as a defendant in another action that
plaintiff has pending in this District. *See McMillian v. Graham*, No. 9:15-CV-1303 (GLS/ATB).

confiscated plaintiff's legal papers and some personal items from his cell. *See generally* Dkt. No. 53; *see also* Dkt. Nos. 54, 56, 57, and 58 (claiming that correctional officer D. Walters has harassed plaintiff and taken his legal papers and books). Construed liberally, plaintiff requests a court order directing the return of his property and enjoining these non-party correctional officers from further harassment. *Id.* Defendants argue that plaintiff's motion should be denied because (1) the Court does not have personal jurisdiction over the non-party correctional officers; (2) the claims in plaintiff's motion do not relate to the claims set forth in his underlying complaint; and (3) plaintiff "has not established that he will suffer from irreparable harm in the absence of the requested injunction." Dkt. No. 65 at 1-3.

To the extent that plaintiff seeks injunctive relief against correctional officer Walters and another unidentified officer who are not defendants in the present action, injunctive relief is available against non-parties only under very limited circumstances, none of which are present here. *See* Fed.R.Civ.P. 65(d)(2); *Doctor's Associates, Inc. v. Reinert & Duree, P.C.*, 191 F.3d 297, 302-03 (2d Cir. 1999); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988); *see also In re Rationis Enterprises, Inc. of Panama*, 261 F.3d 264, 270 (2d Cir. 2001) ("A court may not grant a final, or even an interlocutory, injunction over a party over whom it does not have personal jurisdiction.").

Additionally, "'[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted). *See, e.g., Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties denied

4

where complaint alleged denial of mental health care and proper conditions of confinement); *Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007). Here, plaintiff alleges that correctional officer Walters and another unidentified correctional officer have confiscated his legal and personal property. *See generally* Dkt. Nos. 53, 54, 56, 57, and 58. These allegations are not sufficiently related to the claims in the complaint that defendant Vince Konecny and John Doe Correctional Officers 1-10 retaliated against plaintiff and incited other inmates to attack him. *See generally* Compl.

Even if the allegations in plaintiff's motion were related to the claims in the underlying complaint, the motion would still be denied because plaintiff has failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See Ivy Mar Co. v. C.R. Seasons Ltd.,* 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.,* 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

Accordingly, for the foregoing reasons, plaintiff's motion for preliminary injunctive relief (Dkt. No. 53) is denied.[3]

---

[3] To the extent that plaintiff requests permanent injunctive relief based upon the same allegations set forth in this motion, that request is also denied.

In light of plaintiff's pro se status, and because he indicates that his legal papers have been confiscated, the Clerk of the Court is directed to send plaintiff courtesy copies of relevant documents on file in this action.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 53) is **DENIED**; and it is further

**ORDERED** that the Clerk is directed to send plaintiff a courtesy copy of the complaint (Dkt. No. 2); the June 24, 2015 Decision and Order (Dkt. No. 15); and a current docket report; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on parties.

**IT IS SO ORDERED.**

Dated:     March 2, 2016
           Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge