UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HERMAN CARLEE MCMILLIAN,

                                         Plaintiff,                   **Lead Case**

          v.                                           9:15-CV-0241
                                                 (GTS/DJS)

OFFICER VINCE KONECNY, et al.,

                                 Defendants.
_____

HERMAN CARLEE MCMILLIAN,

                                           Plaintiff,                 **Member Case**

          v.                                           9:15-cv-1303

CORRECTION OFFICER RAMSEY,
DANIEL WALTERS and VINCE KONECNY,

                                 Defendants.

_____

APPEARANCES:                    OF COUNSEL:

HERMAN CARLEE MCMILLIAN
90-T-5238
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ERIC T. SCHNEIDERMAN        RYAN W. HICKEY, ESQ.
New York State Attorney General       Ass't Attorney General
Attorney for Defendant Konecny
The Capitol
Albany, New York 12224

GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

**I. INTRODUCTION**

Plaintiff Herman Carlee McMillian commenced this action pro se pursuant to 42 U.S.C. § 1983 asserting allegations of wrongdoing that occurred, if at all, while plaintiff was incarcerated at Auburn Correctional Facility. Dkt. No. 2 ("Compl."). Plaintiff also has another civil rights action currently pending in this district. *See McMillian v. Ramsey* ("*McMillian II*"), No. 9:15-CV-1303 (GLS/ATB) (N.D.N.Y. filed Nov. 3, 2015).

Presently before the Court is defendant Konecny's motion to consolidate this action with *McMillian II*. Dkt. No. 78. Plaintiff opposes the motion to consolidate. Dkt. No. 80. Also pending in this action are plaintiff's motions for preliminary injunctive relief. Dkt. Nos. 84, 87.

**II. DISCUSSION**

   **A. Motion to Consolidate**

Federal Rule of Civil Procedure 42(a) permits consolidation when two or more actions pending before the Court involve a common question of law or fact. The purpose of consolidation is to promote judicial economy. *Cole v. Schenley Industries, Inc.*, 563 F.2d 35, 38 (2d Cir. 1977). Under that rule, courts have discretion to grant consolidation in order to avoid unnecessary costs and delay. *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990). In this circuit, courts have taken the view that considerations of judicial economy ordinarily favor consolidation. *Malcolm v. Nat'l Gypsum Co.*, 995 F.2d 346, 350 (2d Cir. 1993); *Johnson*, 899 F.2d at 1285; *Doe v. Village of Saugerties*, Nos. 1:07-CV-0228, 1:07-CV-0243, 1:07-CV-0245, 1:07-CV-0505, 2007 WL 1814682, at *2 (N.D.N.Y. June 18, 2007) (Treece, M.J.).

After screening the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, by Decision and Order filed on June 24, 2015, this Court dismissed several claims and defendants from this action, and found that the following claims survived sua sponte review and required a response: (1) Eighth Amendment claims that defendant correctional officer Vince Konecny and John Doe Correctional Officers 1-10 incited other inmates to attack plaintiff and (2) First Amendment retaliation claims against defendant Vince Konecny and John Doe Correctional Officers 1-10. Dkt. No. 15. Defendant Konecny filed an answer to the complaint in this action. Dkt. No. 61.[1]

In *McMillian II*, United States District Judge Gary L. Sharpe screened the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A, and directed defendants Ramsey, Walters, and Konecny to respond to plaintiff's Eighth Amendment claims that defendant Walters instructed another inmate to assault plaintiff, and watched while he did so; plaintiff was denied medical evaluation and treatment for the injuries inflicted; defendant Ramsey improperly refused to prepare a report about the incident; defendant Walters urinated through the bars into plaintiff's cell on September 3, 2015, and confiscated a complaint plaintiff had prepared regarding an earlier incident and smeared feces all over it; and defendant Konecny told an inmate porter to attack plaintiff and plaintiff was punched in the eye by this inmate and seriously injured. *McMillian II*, Dkt. No. 13 at 2-3, 12-13, and 16. Defendants Konecny, Ramsey, and Walters have filed an answer to plaintiff's complaint in *McMillian II*. *Id*. at Dkt. No. 55.

---

[1] The John Doe defendants in this action have not been identified or served.

In support of defendant Konecny's motion to consolidate, defense counsel states that he is also the assigned assistant attorney general for *McMillian II*, and that on May 3, 2015, the defendants in the this case and *McMillian II* provided plaintiff with identical mandatory disclosures. Dkt. No. 78-1 at 1-2. Defense counsel also states that "[i]n addition to the above mandatory disclosures, defendants have also responded to plaintiff's written discovery demands in [both actions]. These written discovery demands were essentially identical, resulting in further duplication of effort." *Id.* at 3. Defense counsel states that plaintiff has filed similar requests for preliminary injunctive relief in the two actions. *Id.* Accordingly, defense counsel states that he "anticipates" that plaintiff's yet-to-be-taken deposition in each action and any summary judgment motion to be filed, "will be repetitive." *Id.* Plaintiff opposes the consolidation, but does not give a reason for his opposition. Dkt. No. 80.

Having reviewed the complaints in this action and *McMillian II*, there is significant overlap in the claims asserted. The complaints in both actions name Vince Konecny as a defendant, and assert constitutional claims that plaintiff has been subjected to numerous acts of misconduct and harassment by corrections staff at Auburn Correctional Facility. Judicial economy and efficiency would surely be advanced by consolidation. Accordingly, the Court finds that joinder of this action with *McMillian II* to be appropriate, and will order their consolidation. This action, which was the first filed action, will be designated as the Lead Case. The Clerk will be directed to amend its records in *McMillian II* to reflect that the undersigned will be the assigned District Judge and Magistrate Judge Daniel J. Stewart will be the assigned magistrate judge for *McMillian II*.

The Clerk will be directed to docket a copy of the complaint and answer filed in *McMillian II* as the consolidated complaint and consolidated answer, respectively, in this

4

action.  In light of consolidation, the consolidated action consists of the following claims:  (1) that defendant Konecny and "John Doe" correction officers "incited other inmates to injure plaintiff" in violation of the Eighth Amendment;[2] (2) that defendant Konecny and "John Doe" correction officers retaliated against plaintiff in violation of the First Amendment; and (3) that defendants Konecny, Ramsey, and Walters subjected plaintiff to unconstitutional conditions of confinement in violation of the Eighth Amendment by, *inter alia*, inciting other inmates to assault him, denying him medical evaluation and treatment of his injuries, urinating in his cell, confiscating  a complaint, and/or failing refusing to report these incidents.

## B.    Motions for Preliminary Injunctive Relief

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood  of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'"  *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d  Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)).  However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher.  *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)).  A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief

---

[2]  In *McMillian II*, plaintiff alleged that defendant Konecny told an inmate porter to attack plaintiff, and the inmate punched plaintiff in the eye, seriously injuring him.  *McMillian II*, Dkt. No. 1 at 12.

requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

In his first motion, plaintiff states that he seeks judicial relief "because I feel the correction guards are looking to attack me." Dkt. No. 84 at 1. Plaintiff also complains that unidentified corrections staff have called him a child molester and have said "out loud so that [other] inmates can hear" that plaintiff "molested" his children. *Id.*; *see also* Dkt. No. 85. This alleged harassment by corrections officers has caused plaintiff to stop going to lunch. Dkt. No. 84 at 2. Defendant opposes the motion. Dkt. No. 86. In addition to contending that plaintiff has not made the showing required for the extraordinary relief requested, defendant urges denial of the motion because plaintiff seeks an improper "obey the law" injunction against unidentified corrections staff who are not parties to this action. *Id.* at 2-3.

Plaintiff's second motion sets forth legal arguments relating to claims arising from his criminal conviction, and a state court competency hearing in 2012. Dkt. No. 87.

Upon review, the Court finds that plaintiff's motions must be denied. While plaintiff seeks preliminary injunctive relief to restrain the defendants from harassing and/or mistreating him, plaintiff has failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995). ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."). Moreover, insofar as plaintiff seeks relief against unidentified corrections staff who are not defendants in this action, the requested relief is not available and his motions must be denied. Except in limited circumstances not applicable here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d) ("[e]very order granting an injunction . . . binds only . . . the parties."); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988).

## III.   CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that defendant's motion (Dkt. No. 78) for consolidation of the present case with *McMillian II* is **GRANTED**; and it is further

**ORDERED** that this action be consolidated, for all purposes, with *McMillian v. Ramsey* ("*McMillian II*"), No. 9:15-CV-1303, for all further proceedings. This present action shall be

7

designated as the Lead Case, and *McMillian II* shall be designated as the Member Case. ALL FUTURE SUBMISSIONS SHALL NOW BE FILED IN THE LEAD CASE ONLY. Except as ordered herein below, there shall be no further filings in the Member Case. The Clerk is ordered to correct the dockets to reflect this consolidation; and it is further

**ORDERED** that the Clerk shall reassign *McMillian II* to the undersigned as presiding District Judge and to the Honorable Daniel J. Steward as presiding Magistrate Judge; and it is further

**ORDERED** that the Clerk of the Court place a copy of this Decision and Order in the file of *McMillian II*; and it is further

**ORDERED** that the Clerk of the Court shall make copies of the Complaint and the Answer from *McMillian II* and shall docket them respectively as the Consolidated Complaint and the Consolidated Answer in this, the Lead Case; and it is further

**ORDERED** that the Clerk of the Court shall edit the docket in the Lead Case to include the following additional defendants: (1) Correction Officer Ramsey and (2) Daniel Walters, also known as Correction Officer Walter, formerly known as Walter Doe; and it is further

**ORDERED** that plaintiff's motions for preliminary injunctive relief (Dkt. Nos. 84, 87) are **DENIED**; and it is further

**ORDERED** that the Clerk shall refer this consolidated action to the assigned Magistrate Judge to reset the relevant pretrial deadlines; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated:        October 25, 2016
              Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge