UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HERMAN CARLEE MCMILLIAN,

       Plaintiff,

  v.

OFFICER VINCE KONECNY, et al.,

       Defendants.

**Lead Case**

9:15-CV-0241
(GTS/DJS)

---

HERMAN CARLEE MCMILLIAN,

       Plaintiff,

  v.

CORRECTION OFFICER RAMSEY, et al.,

       Defendants.

**Member Case**

9:15-CV-1303
(GTS/DJS)

---

APPEARANCES:       OF COUNSEL:

HERMAN CARLEE MCMILLIAN
90-T-5238
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ERIC T. SCHNEIDERMAN    RYAN W. HICKEY, ESQ.
New York State Attorney General    Ass't Attorney General
Attorney for Defendant Konecny
The Capitol
Albany, New York 12224

GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

Presently before the Court in this consolidated civil rights action commenced by plaintiff Herman Carlee McMillian is plaintiff's motion for preliminary injunctive relief. Dkt. No. 92. Defendants oppose the motion. Dkt. No. 93.

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a "clear" or "substantial" showing of a likelihood of success on the merits of his claim). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n,*

*AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

Plaintiff alleges that defendant Daniel and other unidentified correctional officers at Auburn Correctional Facility are harassing plaintiff by, among other things, calling him a rapist and a child molester. Dkt. No. 92 at 1-3. Plaintiff claims that Superintendent Graham has directed the correctional officers to harass plaintiff. *Id.* at 4-5. As a result of the harassment, plaintiff claims that he will suffer irreparable harm because he is afraid to go to lunch at the facility kitchen and is therefore missing one of his three required meals every day. *Id.* at 1-3. Defendants oppose the motion. Dkt. No. 93. In addition to contending that plaintiff has not made the showing required for the extraordinary relief requested, defendants urge denial of the motion because plaintiff seeks an improper "obey the law" injunction against persons who are not parties to this action. *Id.* at 1-3.

Upon review, the Court finds that plaintiff's motion must be denied. While plaintiff seeks preliminary injunctive relief to restrain the defendants from harassing him, which in turn is allegedly denying plaintiff one meal daily, plaintiff has failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions

3

going to the merits and a balance of hardships tipping decidedly in his favor. *See Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995). ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."). Moreover, insofar as plaintiff seeks relief against unidentified corrections staff and the Superintendent of Auburn Correctional Facility, who are not defendants in this action, the requested relief is not available and the motion must be denied. Except in limited circumstances not applicable here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d) ("[e]very order granting an injunction . . . binds only . . . the parties."); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988).

Finally, "'[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted). *See, e.g., Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties denied where complaint alleged denial of mental health care and proper conditions of confinement); *Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007). Plaintiff's allegation that he is now being denied one meal per day is not related to the claims in the consolidated complaint. *See generally* Dkt. No. 89.

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motion for preliminary injunctive relief (Dkt. No. 92) is **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: December 13, 2016
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge