UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HERMAN CARLEE MCMILLIAN,

                Plaintiff,

        v.

OFFICER VINCE KONECNY, et al.,

                Defendants.

**Lead Case**

9:15-CV-0241
(GTS/DJS)

---

HERMAN CARLEE MCMILLIAN,

                Plaintiff,

        v.

CORRECTION OFFICER RAMSEY, et al.,

                Defendants.

**Member Case**

9:15-CV-1303
(GTS/DJS)

---

APPEARANCES:                OF COUNSEL:

HERMAN CARLEE MCMILLIAN
90-T-5238
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ERIC T. SCHNEIDERMAN      RYAN W. HICKEY, ESQ.
New York State Attorney General      Ass't Attorney General
Attorney for Represented Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

Presently before the Court in this consolidated civil rights action commenced by plaintiff Herman Carlee McMillian are plaintiff's motions for preliminary injunctive relief. Dkt. Nos. 109 (the "First Motion"), 110 (the "Second Motion"), 112 (the "Third Motion"); 113 ("Fourth Motion"). Defendants oppose the First and Second motions. Dkt. No. 111.[1]

"In general, district courts may grant a preliminary injunction where a plaintiff demonstrates 'irreparable harm' and meets one of two related standards: 'either (a) a likelihood of success on the merits, or (b) sufficiently serious questions going to the merits of its claims to make them fair ground for litigation, plus a balance of the hardships tipping decidedly in favor of the moving party.'" *Otoe-Missouria Tribe of Indians v. New York State Dep't of Fin. Servs.*, 769 F.3d 105, 110 (2d Cir. 2014) (quoting *Lynch v. City of N.Y.*, 589 F.3d 94, 98 (2d Cir. 2009) (internal quotation marks omitted)). However, when the moving party seeks a "mandatory injunction that alters the status quo by commanding a positive act," the burden is even higher. *Cacchillo v. Insmed, Inc.*, 638 F.3d 401, 406 (2d Cir. 2011) (citing *Citigroup Global Mkts., Inc. v. VCG Special Opportunities Master Fund Ltd.*, 598 F.3d 30, 35 n.4 (2d Cir. 2010) (internal quotation marks omitted)). A mandatory preliminary injunction "should issue only upon a clear showing that the moving party is entitled to the relief requested, or where extreme or very serious damage will result from a denial of preliminary relief." *Cacchillo*, 638 F.3d at 406 (citing *Citigroup Global Mkts.*, 598 F.3d at 35 n.4) (internal quotation marks omitted)); *see also Tom Doherty Assocs., Inc. v. Saban Entertainment, Inc.*, 60 F.3d 27, 33-34 (2d Cir. 1995) (a plaintiff seeking a mandatory injunction must make a

---

[1] Plaintiff filed the Third and Fourth Motions after defendants responded to the First and Second Motions. Since the Third and Fourth Motions requested similar relief, the Court did not direct a further response.

2

"clear" or "substantial" showing of a likelihood of success on the merits of his claim). The same standards used to review a request for a preliminary injunction govern consideration of an application for a temporary restraining order. *Local 1814, Int'l Longshoremen's Ass'n, AFL-CIO v. New York Shipping Ass'n, Inc.*, 965 F.2d 1224, 1228 (2d Cir. 1992); *Perri v. Bloomberg*, No. 06-CV-0403, 2008 WL 2944642, at * 2 (E.D.N.Y. Jul. 31, 2008). The district court has wide discretion in determining whether to grant preliminary injunctive relief. *Moore v. Consol. Edison Co. of New York, Inc.*, 409 F.3d 506, 511 (2d Cir. 2005). "In the prison context, a request for injunctive relief must always be viewed with great caution so as not to immerse the federal judiciary in the management of state prisons." *Fisher v. Goord*, 981 F. Supp. 140, 167 (W.D.N.Y. 1997) (citing *Farmer v. Brennan*, 511 U.S. 825, 846-47 (1994)) (other citations omitted).

Construing each of the motions liberally, plaintiff alleges that defendants Walters and/or Ramsey confiscated some of his surgical records and legal materials and refuse to return them. First Motion at 5-6; Second Motion at 2-3, 5-6; Third Motion at 7, 9-10; Fourth Motion at 2-4.[2] Plaintiff seeks a court order directing return of those items. *Id.* Plaintiff also complains that he is being harassed and threatened by defendants Walters and Ramsey (First Motion at 6-7); that correctional officers are harassing him when he goes to the mess hall for lunch, so he has chosen not go to eat lunch (Second Motion at 4); he has been moved to a cell where very little water comes out of the faucet (*id.* at 11); and he was denied proper medical care during a surgery performed by a Dr. Jay Vickers Dewell (Third Motion at 1-2; Fourth Motion at 6).

---

[2] References to the pages in the documents are to the page numbers automatically assigned by this Court's Case Management Electronic Case Filing System ("CM/ECF").

In opposition to First and Second Motions, defendants contend that plaintiff has not made the showing required for the extraordinary relief requested, and also urge denial of the motion because plaintiff seeks an improper "obey the law" injunction and relief against persons who are not parties to this action. Dkt. No. 111 at 1-3.

Upon review, the Court finds that plaintiff's requests for injunctive relief directing the return of his legal materials and surgical records must be denied. Plaintiff has failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in his favor. *See Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals."). While the Court does not condone misconduct of any kind, and is mindful that plaintiff's allegations regarding the confiscation of his legal papers could implicate his constitutional right to access the courts under the First Amendment,[3] plaintiff has not made a showing sufficient to warrant the issuance of any form of relief regarding his access to legal materials relating specifically to this action.

Insofar as plaintiff seeks relief against unidentified corrections staff who are harassing him in the mess hall during lunch, or Dr. Jay Vickers Dewell, who are not defendants in this

---

[3] *See e.g., Willey v. Kirkpatrick*, 801 F.3d 51, 69 (2d Cir. 2015) ("Legal documents have characteristics that differentiate them from mere 'property' whose destruction can be adequately remedied by a generic property-deprivation state law. Their theft or destruction, for example, may irrevocably hinder a prisoner's efforts to vindicate legal rights.").

4

action, the requested relief is not available and the motion must be denied. Except in limited circumstances not applicable here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d) ("[e]very order granting an injunction . . . binds only . . . the parties."); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988).

Finally, "'[t]o prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted). *See, e.g., Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties denied where complaint alleged denial of mental health care and proper conditions of confinement); *Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007). Plaintiff's allegations concerning harassment which is preventing him from eating lunch, inadequate water flow in the faucet of his cell, and inadequate medical care are not related to the allegations set forth in this action.[4]

Based upon the foregoing, the Court finds that plaintiff has not made the showing required for the issuance of preliminary injunctive relief. As a result, plaintiff's motions are denied.

---

[4] To the extent that plaintiff may be attempting to challenge a criminal conviction, that relief is not available in the context of an action commenced pursuant to 42 U.S.C. § 1983.

5

**WHEREFORE**, it is hereby

**ORDERED** that plaintiff's motions for preliminary injunctive relief (Dkt. Nos. 109, 110, 112, and 113) are **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: September 6, 2017
Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge