UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

---

HERMAN CARLEE MCMILLIAN,

                Plaintiff,

        v.

OFFICER VINCE KONECNY, et al.,

                Defendants.

**Lead Case**

9:15-CV-0241
(GTS/DJS)

---

HERMAN CARLEE MCMILLIAN,

                Plaintiff,

        v.

CORRECTION OFFICER RAMSEY, et al.,

                Defendants.

**Member Case**

9:15-CV-1303
(GTS/DJS)

---

APPEARANCES:                 OF COUNSEL:

HERMAN CARLEE MCMILLIAN
90-T-5238
Plaintiff, pro se
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ERIC T. SCHNEIDERMAN     RYAN W. HICKEY, ESQ.
New York State Attorney General     Ass't Attorney General
Attorney for Represented Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

Over the course of this consolidated litigation, plaintiff Herman Carlee McMillian has filed multiple motions requesting identical preliminary injunctive relief, *see, e.g.,* Dkt. Nos. 100, 109, 110, 112, and 113, which have been denied, *see* Dkt. Nos. 108, 114. In light of this history and the burden that the duplicative requests have put upon the Court and opposing counsel, on October 5, 2017, this Court issued an Order "advising Plaintiff that any further motion filed seeking the same relief from this Court as set forth in his previous motions for a preliminary injunction . . . may be stricken from the docket and will not be considered by the Court." Dkt. No. 117.

Presently before the Court are plaintiff's most recent motions for preliminary injunctive relief. Dkt. Nos. 118 (the "First Motion"), 119 (the "Second Motion"), 121 (the "Third Motion"). Defendants have submitted a motion requesting that the First Motion and Second Motion be stricken from the docket in accordance with this Court's October 5, 2017 Order. Dkt. No. 120.[1]

The Court has reviewed the First Motion and Second Motion and finds that, although some of the allegations contained in those motions mirror those contained in prior motions, plaintiff also requests relief concerning (1) plaintiff's alleged attack by another inmate on October 11, 2017, at the instigation of correctional officers, *see* First Motion at 3-6, and (2) denial of access to an optometrist in October, 2017, *see* Second Motion at 3. Accordingly, defendants' motion to strike the First Motion and the Second Motion is denied.

---

[1] Plaintiff filed the Third Motion after defendants filed their motion to strike the First Motion and Second Motion.

Despite declining to strike the First Motion and the Second Motion, for the reasons that follow, the First Motion, the Second Motion, and the Third Motion are denied in their entirety.

"'To prevail on a motion for preliminary injunctive relief, the moving party must establish a relationship between the injury claimed in the motion and the conduct giving rise to the complaint.'" *Candelaria v. Baker,* No. 00-CV-0912, 2006 WL 618576, at *3 (W.D.N.Y. Mar. 10, 2006) (citations omitted). *See, e.g., Scarborough v. Evans*, No. 9:09-CV-0850 (NAM/DEP), 2010 WL 1608950, at *2 (N.D.N.Y. Apr. 20, 2010) (motion for preliminary injunction alleging use of excessive force and denial of medical care by non-parties denied where complaint alleged denial of mental health care and proper conditions of confinement); *Lewis v. Johnston*, No. 9:08-CV-0482 (TJM/ATB), 2010 WL 1268024, at *3 (N.D.N.Y. Apr. 1, 2010) (denying motion for injunctive relief based upon actions taken by staff at Great Meadow Correctional Facility in 2010, where the complaint alleged wrongdoing that occurred at Franklin and Upstate Correctional Facilities in 2006 and 2007). Plaintiff's allegations concerning an alleged attack by another inmate on September 11, 2017, at the instigation of correctional officers (First Motion at 3-6), denial of access to an optometrist in October 2017 (Second Motion at 3), and harassment in October, 2017, by a correctional officer that plaintiff refers to as "Tight shirt" (Third Motion at 5), are not related to that allegations set forth in the underlying consolidated action. Moreover, to the extent that plaintiff seeks relief similar to that previously denied by this Court, the remainder of the First Motion, the Second Motion, and the Third Motion are denied in their entirety.

Additionally, plaintiff has failed to substantiate any allegations of irreparable harm with evidence in admissible form or to demonstrate, with evidence, a likelihood of success on the merits of his underlying claims, or sufficiently serious questions going to the merits and a

balance of hardships tipping decidedly in his favor. *See Ivy Mar Co. v. C.R. Seasons Ltd.*, 907 F. Supp. 547, 561 (E.D.N.Y. 1995) ("[B]are allegations, without more, are insufficient for the issuance of a preliminary injunction."); *Hancock v. Essential Res., Inc.*, 792 F. Supp. 924, 928 (S.D.N.Y. 1992) ("Preliminary injunctive relief cannot rest on mere hypotheticals.").

Finally, to the extent that plaintiff seeks relief against unidentified corrections staff who are not defendants in this action, the requested relief is not available. Except in limited circumstances not applicable here, a court may not order injunctive relief as to non-parties to an action. *See* Fed. R. Civ. P. 65(d) ("[e]very order granting an injunction . . . binds only . . . the parties."); *United States v. Regan*, 858 F.2d 115, 120 (2d Cir. 1988).

**WHEREFORE**, it is hereby

**ORDERED** that defendants' motion to strike (Dkt. No. 120) is **DENIED**; and it is further

**ORDERED** that plaintiff's motions for preliminary injunctive relief (Dkt. Nos. 118, 119, and 121) are **DENIED**; and it is further

**ORDERED** that the Clerk shall serve a copy of this Decision and Order on the parties.

**IT IS SO ORDERED.**

Dated: October 31, 2017
Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge