UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HERMAN CARLEE McMILLIAN,

                Plaintiff,

v.                                                                                          9:15-CV-0241
                                                                                             (GTS/DJS)

CORRECTION OFFICER VINCE KONECNY; and            LEAD
JOHN DOES 1-10;

                Defendants.
_____

HERMAN CARLEE McMILLIAN,

                Plaintiff,

v.                                                                                          9:15-CV-1303
                                                                                             (GTS/DJS)

CORRECTION OFFICER RAMSEY;                                   MEMBER
CORRECTION OFFICER DANIEL WALTERS; and
CORRECTION OFFICER VINCE KONECNY,

                Defendants.
_____

APPEARANCES:

HERMAN CARLEE McMILLIAN, 90-T-5238
  Plaintiff, *Pro Se*
Auburn Correctional Facility
P.O. Box 618
Auburn, NY 13021

HON. ERIC T. SCHNEIDERMAN                                        RYAN W. HICKEY
Attorney General for the State of New York            Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, NY 12224

GLENN T. SUDDABY, Chief United States District Judge

**DECISION and ORDER**
**and ORDER to SHOW CAUSE**

Currently before the Court, in these consolidated *pro se* prisoner civil rights actions filed by Herman Carlee McMillian ("Plaintiff") against the above-captioned employees of New York State Department of Corrections and Community Supervision at Auburn Correctional Facility ("Defendants"), are the following: (1) United States Magistrate Judge Daniel J. Stewart's Report-Recommendation recommending that Defendants' motion for summary judgment be granted, and that Plaintiff's Complaints be dismissed for failure to exhaust his available administrative remedies pursuant to the Prisoner Litigation Reform Act; (2) Plaintiff's Objection to the Report-Recommendation; and (3) Plaintiff's six motions for a Temporary Restraining Order or Preliminary Injunction. (Dkt. Nos. 125, 126, 127-32.) For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendants' motion for summary judgment is granted; Plaintiff's Complaints are dismissed; Plaintiff's six motions for a Temporary Restraining Order or Preliminary Injunction are denied as moot; and he is directed to show cause why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in the Northern District of New York *pro se* without prior permission of the Chief Judge or his or her designee.

**I.      REVIEW OF REPORT-RECOMMENDATION**

Even when construed with the utmost of special solicitude, Plaintiff's Objection to the Report-Recommendation fails to assert a specific challenge to the Report-Recommendation. (*Compare* Dkt. No. 126 [Plf.'s Obj.] *with* Dkt. No. 125 [Report-Recommendation].)[1] Rather,

---

[1] To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c); *see also Mario v. P&C Food Markets, Inc.*, 313

Plaintiff merely reiterates arguments previously submitted to Magistrate Judge Stewart. (*Compare* Dkt. No. 126 [Plf.'s Obj.] *with* Dkt. No. 6 [Plf.'s Response to Defs.' Motion for Summary Judgment].)  As a result, the Court need review the Report-Recommendation for only clear error.[2]  When performing a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[3]

Based upon a careful review of this matter, the Court can find no clear error in the Report-Recommendation: Magistrate Judge Stewart employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts.  (Dkt. No. 125.)  As a result, the Court accepts and adopts the Report-Recommendation for the reasons stated therein.  (*Id*.)

---

F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2]   When an objection merely reiterates the same arguments made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a clear error review.  *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[3]   Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

Defendants' motion for summary judgment is granted, and Plaintiff's Complaints are dismissed.

## II.    PLAINTIFF'S SIX MOTIONS FOR INJUNCTIVE RELIEF

Because one of the issues presented by a motion for injunctive relief is whether the movant has shown a likelihood of success on the merits of a claim, the relief sought by a plaintiff in a motion for a temporary restraining order or preliminary injunction must relate to the claims of the plaintiff's complaint. *See Bain v. Hofmann*, 06-CV-0168, 2007 WL 1848035, at *3 (D. Vt. June 25, 2007) (denying a motion for injunctive relief because, *inter alia*, "[t]he claims set forth in Bain's motion are not claims that were presented in either his initial or his amended complaints").[4]

As a result, where no complaint remains pending, no motion for a temporary restraining order or preliminary injunction remains available. *See Wheeler v. Cohen*, 15-CV-0170, 2015 WL 6872338, at *2 (D. Vt. Nov. 9, 2015) ("The Court will first consider the motion to dismiss, as dismissal would render moot the matter of preliminary injunctive relief."); *Leed Indus. Inc. v. N.Y. State Dep't of Labor*, 09-CV-9456, 2010 WL 882992, at *1 (S.D.N.Y. March 8, 2010) ("On March 1, 2010, the Court issued a 'bottom-line' order granting defendants' motion to dismiss, which rendered moot plaintiff's motion for a preliminary injunction and expedited hearing.").

Here, because no claims remain pending in these actions, Plaintiff's six motions for a Temporary Restraining Order or Preliminary Injunction are denied as moot.

---

[4]    *See also Gordon v. Watts*, 06-CV-0450, 2008 WL 717689, at *1 (N.D.N.Y. Mar. 17, 2008) (Kahn, J.) ("[T]he relief that Plaintiff seeks by way of injunction [must] relate to the allegations contained in the . . . complaint . . . ."); *accord Allen v. Brown*, 96-CV-1599, 1998 WL 214418, at *4 (N.D.N.Y. Apr. 28, 1998) (Pooler, J., adopting Report-Recommendation of DiBianco, M.J.); *Candelaria v. Greifinger*, 96-CV-0017, 1997 WL 176314, at *11 (N.D.N.Y. Apr. 9, 1997) (Pooler, J., adopting Report-Recommendation of Scanlon, M.J.); *Chapdelaine v. Keller*, 95-CV-1126, 1996 WL 597848, at *4 (N.D.N.Y. Oct. 16, 1996) (Pooler, J.).

### III.    APPROPRIATENESS OF AN ORDER TO SHOW CAUSE

It is well settled that "[a] district court may, in its discretion, impose sanctions against litigants who abuse the judicial process." *Shafii v. British Airways, PLC*, 83 F.3d 566, 571 (2d Cir. 1996).  Where a litigant persists in the filing of vexatious and frivolous suits, it may be appropriate to place certain limitations on the litigant's future access to the courts.  *See Hong Mai Sa v. Doe*, 406 F.3d 155, 158 (2d Cir. 2005) (citing *Iwachiw v. New York State Dep't of Motor Vehicles*, 396 F.3d 525, 528 [2d Cir. 2005]); *see also Shafii*, 83 F.3d at 571 ("The filing of repetitive and frivolous suits constitutes the type of abuse for which an injunction forbidding further litigation may be an appropriate sanction.").  Before imposing such limitations, the court should consider the following:

> (1) the litigant's history of litigation and in particular whether it entailed vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation, e.g., does the litigant have an objective good faith expectation of prevailing?; (3) whether the litigant is represented by counsel; (4) whether the litigant has caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate to protect the courts and other parties.

*Iwachiw*, 396 F.3d at 528 (quoting *Safir v. United States Lines, Inc.*, 792 F.2d 19, 24 [2d Cir. 1986]).

Under the circumstances, the Court finds that grounds may exist to enjoin Plaintiff from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.

Since he was incarcerated in 1990, Plaintiff has filed twenty-two (22) *pro se* civil rights cases in this District.  Two of those cases are, of course, addressed above in this Decision and Order.  A third case is currently pending before U.S. District Judge Mae A. D'Agostino, who has received a Report-Recommendation from U.S. Magistrate Judge Daniel J. Stewart

recommending dismissal for failure to exhaust administrative remedies. *See McMillian v. Walters*, 16-CV-0277, Report-Recommendation (N.D.N.Y. filed Dec. 18, 2017) (Stewart, M.J.). Of the remaining nineteen (19) cases, ten (10) have been dismissed for failure to prosecute and/or failure to pay the required filing fee,[5] and nine (9) have been dismissed as frivolous and/or for failure to state a claim upon which relief can be granted.[6] (He obtained his third strike for purposes of the "Three Strikes Rule" on May 11, 2006.)[7] Finally, it is worth noting that, despite receiving a warning from District Judge D'Agostino on September 8, 2017, regarding the possible imposition of a Bar Order due to the vexatiousness of filing successive (nearly identical

---

[5] *See McMillian v. Leonardo*, 92-CV-1322, Order (N.D.N.Y. filed Dec. 28, 1992) (Scullin, J.); *McMillian v. Granger*, 92-CV-1299, Order (N.D.N.Y. filed Dec. 30, 1992) (Scullin, J.); *McMillian v. Senkowski*, 92-CV-1032, Order (N.D.N.Y. filed May 21, 1993) (Scullin, J.); *McMillian v. Duquette*, 92-CV-0264, Order (N.D.N.Y. filed July 26, 1994) (McAvoy, C.J.); *McMillian v. Stevens*, 91-CV-1374, Judgment (N.D.N.Y. filed Oct. 11, 1994) (McCurn, J.); *McMillian v. Ripley*, 93-CV-0052, Order (N.D.N.Y. filed Apr. 25, 1995) (Cholakis, J.); *McMillian v. Newell*, 92-CV-0781, Order (N.D.N.Y. filed June 5, 1995) (Cholakis, J.); *McMillian v. Alice Hyde Med. Ctr.*, 08-CV-0375, Decision and Order (N.D.N.Y. filed Apr. 10, 2008) (Kahn, J.); *McMillian v. Dewell*, 10-CV-0524, Decision and Order (N.D.N.Y. filed July 22, 2010) (Suddaby, J.); *McMillian v. Dewell*, 16-CV-0472, Decision and Order (N.D.N.Y. filed June 8, 2016) (Kahn, S.J.).

[6] *See McMillian v. Coughlin*, 92-CV-1154, Order (N.D.N.Y. filed Sept. 4, 1992) (Cholakis, J.); *McMillian v. Holdrige*, 92-CV-0847, Decision and Order (N.D.N.Y. filed Aug. 19, 1993) (McAvoy, C.J.); *McMillian v. Johnson*, 00-CV-0508, Decision and Order (N.D.N.Y. filed May 18, 2000) (Scullin, C.J.); *McMillian v. Dew*, 00-CV-0508, Decision and Order (N.D.N.Y. filed June 26, 2001) (Kahn, J.); *McMillian v. Dewell*, 06-CV-0202, Decision and Order (N.D.N.Y. filed May 10, 2006) (McAvoy, S.J.); *McMillian v. Dewell*, 06-CV-0417, Decision and Order (N.D.N.Y. filed May 11, 2006) (Mordue, C.J.); *McMillian v. Dewell*, 07-CV-1231, Decision and Order (N.D.N.Y. filed Dec. 19, 2007) (Hurd, J.); *McMillian v. Dewell*, 08-CV-0072, Decision and Order (N.D.N.Y. filed Feb. 19, 2008) (Mordue, C.J.); *McMillian v. Graham*, 16-CV-0522, Decision and Order (N.D.N.Y. filed Oct. 21, 2016) (D'Agostino, J.).

[7] *See McMillian v. Dewell*, 07-CV-1231, Decision and Order, art 2-3 (N.D.N.Y. filed Dec. 19, 2007) (Hurd, J.) (identifying Plaintiff's third strike as occurring in *McMillian v. Dewell*, 06-CV-0417, which was dismissed on May 11, 2006).

motions for injunctive relief,[8] Plaintiff continued–and indeed increased the frequency of–such filings in that case.[9] A similar increase occurred in this case after the Court warned Plaintiff regarding the vexatiousness of filing successive (nearly identical) motions for injunctive relief.[10]

Based on a careful review of Plaintiff's litigation history in this District (as cited above), the Court finds that (1) he lacks a good-faith expectation in prevailing in his lawsuits and motions, (2) he has proven himself to be vexatious and indeed incorrigible when proceeding *pro se*, (3) he has caused needless expense to other parties and placed an unnecessary burden on the Court and its personnel, and (4) he has demonstrated that no lesser sanctions (e.g., such as dismissal or chastisement) would be adequate to protect the Court and other parties, given his prior conduct.

---

[8] *McMillian v. Walters*, 16-CV-0277, 2017 WL 3973932, at *4 (N.D.N.Y. Sept. 9, 2017) (D'Agostino).

[9] *McMillian v. Walters*, 16-CV-0277, Motion for Injunctive Relief (N.D.N.Y. filed Sept. 29, 2017); *McMillian v. Walters*, 16-CV-0277, Motion for Injunctive Relief (N.D.N.Y. filed Oct. 3, 2017); *McMillian v. Walters*, 16-CV-0277, Motion for Injunctive Relief (N.D.N.Y. filed Oct. 17, 2017); *McMillian v. Walters*, 16-CV-0277, Motion for Injunctive Relief #1 (N.D.N.Y. filed Oct. 24, 2017); *McMillian v. Walters*, 16-CV-0277, Motion for Injunctive Relief #2 (N.D.N.Y. filed Oct. 24, 2017); *McMillian v. Walters*, 16-CV-0277, Motion for Injunctive Relief (N.D.N.Y. filed Nov. 28, 2017); *McMillian v. Walters*, 16-CV-0277, Motion for Injunctive Relief (N.D.N.Y. filed Dec. 12, 2017); *McMillian v. Walters*, 16-CV-0277, Motion for Injunctive Relief (N.D.N.Y. filed Dec. 21, 2017); *McMillian v. Walters*, 16-CV-0277, Motion for Injunctive Relief (N.D.N.Y. filed Jan. 5, 2017); *McMillian v. Walters*, 16-CV-0277, Motion for Injunctive Relief (N.D.N.Y. filed Jan. 22, 2017).

[10] (Dkt. No. 117 [Text Order advising Plaintiff that future motions for the same injunctive relief may be stricken]; Dkt. No. 118 [Motion for Injunctive Relief filed Oct. 11, 2017]; Dkt. No. 119 [Motion for Injunctive Relief filed Oct. 17, 2017]; Dkt. No. 121 [Motion for Injunctive Relief filed Oct. 24, 2017]; Dkt. No. 123 [Motion for Injunctive Relief filed Oct. 31, 2017]; Dkt. No. 124 [Text Order warning Plaintiff that future motions for the same injunctive relief may result in the current Order to Show Cause]; Dkt. No. 127 [Motion for Injunctive Relief filed Nov. 17, 2017]; Dkt. No. 128 [Motion for Injunctive Relief filed Nov. 28, 2017]; Dkt. No. 129 [Motion for Injunctive Relief filed Dec. 11, 2017]; Dkt. No. 130 [Motion for Injunctive Relief filed Jan. 4, 2018]; Dkt. No. 131 [Motion for Injunctive Relief filed Jan. 10, 2018]; Dkt. No. 132 [Motion for Injunctive Relief filed Jan. 17, 2018].)

Notwithstanding the overwhelming support for the issuance of a Pre-Filing Order at this time, fairness dictates that Plaintiff be given notice and an opportunity to be heard. *See Iwachiw*, 396 F.3d at 529. As a result, he shall have fourteen (14) days from the date of this Order to show cause, *in writing*, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in this District *pro se* without prior permission of the Chief Judge or his or her designee.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Stewart's Report-Recommendation (Dkt. No. 125) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 103) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's Complaints in these consolidated actions are **DISMISSED** for failure to exhaust his available administrative remedies pursuant to the Prisoner Litigation Reform Act; and it is further

**ORDERED** that Plaintiff's six motions for a Temporary Restraining Order or Preliminary Injunction (Dkt. Nos. 127-32) are **DENIED as moot**; and it is further

**ORDERED** that Plaintiff shall, within **FOURTEEN (14) DAYS** of the date of this Order, show cause, *in writing*, why he should not be enjoined from filing any future pleadings or documents of any kind (including motions) in the Northern District of New York *pro se* without prior permission of the Chief Judge or his or her designee (except pleadings or documents in the case that is currently pending before District Judge D'Agostino, *McMillian v. Walters*, 9:16-

CV-0277, until that case is closed);[11] The Clerk of the Court is directed to open a new pre-filing case number 9:18-pf-2 and file a copy of this Decision and Order in that pre-filing case. Plaintiff's response to this Order to Show Cause shall be filed in case number 9:18-pf-2; and it is further

**ORDERED** that, if Plaintiff does not fully comply with this Order to Show Cause, the Court will issue a subsequent order, without further explanation, permanently so enjoining Plaintiff; and it is further

**ORDERED** that the Clerk shall provide a copy of this Order to Show Cause to Plaintiff by certified mail.

Dated: February 9, 2018
      Syracuse, New York

HON. GLENN T. SUDDABY
Chief United States District Judge

---

[11] This injunction would apply to, among other things, continued filings by Plaintiff in any actions filed *pro se* by him in state court and removed by the defendant to this Court.

9